UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PENNYMAC LOAN SERVICES, LLC, | Case No. 3:16-cv-00504-MMD-VPC |
| Plaintiff, | ORDER |
| v. | |
| TOWNHOUSE GREENS ASSOCIATION, INC.; THUNDER PROPERTIES, INC.; GAYLE A. KERN, LTD d/b/a KERN & ASSOCIATES LTD, | |
| Defendants. | |

**I.   SUMMARY**

This case arises out of a homeowner association's ("HOA") foreclosure under NRS Chapter 116. Pending before this Court is Defendant Thunder Properties, Inc.'s ("Thunder") second Motion to Dismiss ("Motion") (ECF No. 63). Plaintiff Pennymac Loan Services, LLC ("Pennymac") filed a response (ECF No. 69), and Thunder did not file a reply.

For the reasons stated below, the Motion is denied.

**II.   RELEVANT BACKGROUND**

Pennymac initiated this action on August 8, 2016. (ECF No. 1.) In its complaint, Pennymac brings two claims against Thunder: one for quiet title and the other for injunctive relief. (ECF No. 1.) On June 6, 2017, this Court denied Thunder's first motion to dismiss for lack of subject-matter jurisdiction (ECF No. 21) and did not give Thunder leave to file a new motion. (ECF No. 52, 53.) Moreover, Thunder has not yet filed an answer to Pennymac's complaint.

## III. LEGAL STANDARD

Under Rule 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Rule 8 notice pleading standard requires Plaintiff to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (internal quotation marks and citation omitted). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged — but it has not show[n] — that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. Moreover, a complaint must contain either direct or inferential allegations concerning "all the material

elements necessary to sustain recovery under *some* viable legal theory." *Id.* at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989)).

## IV. DISCUSSION

The Motion raises four arguments: (1) Pennymac lacks standing to assert a violation of due process because it received actual notice of the HOA foreclosure sale; (2) Pennymac has failed to state a claim for quiet title because it did not possess any interest in the property at the time of the HOA foreclosure sale; (3) the fact that the Federal Housing Authority insured the first deed of trust ("DOT") is irrelevant; and (4) the complaint's claim for permanent injunction is not a stand-alone claim and fails because Pennymac does not have a valid interest in the property. The Court will consider the first argument only.

### A. Untimeliness and Waiver

The Court will not consider the second, third, and fourth arguments in the Motion for two reasons.

First, Federal Rule of Civil Procedure 12(a)(4)(A) states that "if the court denies the motion [to dismiss] . . .the responsive pleading must be served within 14 days after notice of the court's action." Here, no responsive pleading was filed by Thunder; instead, Thunder chose to file a new motion to dismiss, in which it raised arguments for the first time, more than two months after the Court denied its prior motion to dismiss.[1] Thus, the Motion generally is untimely except as to the first argument raised within it. *See* discussion *infra* Sec. IV(B).

Second, Thunder's failure to raise the Motion's second, third, and fourth arguments under Rule 12(b)(6) means that it waived them. Rule 12(g)(2) states that, "Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to

---

[1] As noted, the Court denied Thunder's first motion to dismiss on June 6, 2017, wherein counsel for Thunder presented oral argument and, therefore, was on notice of that motion's disposition. (ECF No. 53.) Thunder filed the Motion presently before the Court on August 22, 2017. (ECF No. 63.)

3

the party but omitted from its earlier motion." Rule 12(h)(2) and (3) make limited exceptions for raising arguments under 12(b)(6) in a subsequent motion that have otherwise been waived if such arguments are raised: (1) in any pleading allowed or ordered under Rule 7(a)—e.g., an answer to a complaint; (2) by motion under Rule 12(c) for judgment on the pleadings—which is not possible here because Thunder has never answered the complaint; (3) at trial; or (4) for lack of subject-matter jurisdiction.

Therefore, the Court finds that these arguments have been waived and are untimely, and it will not consider them. The Motion is denied on these bases.

### B. Article III Standing

The Court construes Thunder's first argument as one challenging Pennymac's standing under Article III of the United States Constitution. The Court considers this argument here because Article III standing is a jurisdictional question that may be raised at any time, that cannot be waived, and that district courts may consider *sua sponte*. *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011).

"Article III of the Constitution limits federal-court jurisdiction to 'Cases' and 'Controversies.'" *Massachusetts v. EPA,* 549 U.S. 497, 516 (2007). "To satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC) Inc.*, 528 U.S. 167, 180-81 (2000) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). The party invoking federal jurisdiction bears the burden of establishing these elements. *FW/PBS,* 493 U.S. at 231.

Thunder argues that Pennymac does not have standing to assert a due process violation—a theory advanced under the complaint's claim for quiet title—because Pennymac did not acquire an interest in the property or DOT until approximately two years after the HOA foreclosure sale. (*See* ECF No. 63 at 3-4.) Pennymac responds that

because it is the assignee it stands in the shoes of and has standing to bring any claims that could have been brought by its predecessor in interest. (*See* ECF No. 69 at 4-6.) The Court agrees with Pennymac. Moreover, Pennymac is purportedly injured by the extinguishment of the DOT and a decision from this Court quieting title to it would redress that injury.

The Motion is therefore denied as to this argument.

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion.

It is therefore ordered that Thunder Properties, Inc.'s Motion to Dismiss (ECF No. 63) is denied.

DATED THIS 6th day of February 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE