UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

PENNYMAC LOAN SERVICES, LLC,

Plaintiff,

v.

TOWNHOUSE GREENS ASSOCIATION, INC.; THUNDER PROPERTIES, INC.; GAYLE A. KERN, LTD d/b/a KERN & ASSOCIATES, LTD.,

Defendants.

Case No. 3:16-cv-00504-MMD-CBC

ORDER

## I. SUMMARY

This dispute arises from the foreclosure sale of property to satisfy a homeowners' association lien. Before the Court is Plaintiff PennyMac Loan Services, LLC's ("PennyMac") motion for summary judgment (ECF No. 78). The Court has reviewed Defendant Townhouse Greens Association, Inc.'s ("HOA") response (ECF No. 85); Defendant Thunder Properties, Inc.'s ("Thunder") response (ECF No. 86); and PennyMac's reply (ECF Nos. 90, 91, 92 (duplicate documents)).[1] The Court has also reviewed PennyMac's unopposed motion for leave to file supplemental authorities. (ECF No. 95.) The Court grants PennyMac's motion for leave to file supplemental authorities.

///

///

---

[1]Thunder filed a motion for leave to file excess pages in its response (ECF No. 87), and PennyMac filed a motion for leave to file excess pages in its reply (ECF No. 89). The Court finds good cause to grant both motions under LR 7-3.

Because the Court agrees with PennyMac that it properly tendered the superpriority amount, the Court grants PennyMac's motion for summary judgment.

**II.     BACKGROUND**

The following facts are undisputed unless otherwise indicated.

Maria E. Golding and Rosalyn Bracamontes-Acosta ("Borrowers") obtained a loan in the amount of $78,379, secured by a first deed of trust ("DOT") against the property at issue[2] ("Property") on December 29, 1998. (ECF No. 78 at 3.)

The DOT was assigned to PennyMac after first being assigned to Nationsbanc Mortgage Corporation. (*Id.*)

The HOA recorded a notice of delinquent assessment lien against the Property on October 22, 2012. (*Id.*) The notice indicated that the amount due to the HOA was $2,766 but did not specify whether it included dues, interest, fees, and collection costs in addition to assessments. (*Id.*)

The HOA executed a notice of default and election to sell to satisfy the delinquent assessment lien against the Property on February 19, 2013, claiming an outstanding debt of $6,143.75, of which $3,593.75 was subject to foreclosure, and which included late charges, advances, attorneys' fees, and costs. (*Id.*) The HOA recorded a notice of homeowners' association sale ("HOA Sale") on July 1, 2013. (*Id.*) The HOA Sale was scheduled for August 8, 2013. (*Id.*) The notice stated that the amount due to the HOA was $8,588.40, plus late charges, interest, and any subsequent assessments, fees charges and expenses. (*Id.*)

Bank of America, N.A. ("BANA"), as then-servicer of the loan and underlying DOT, requested a ledger from the HOA identifying the superpriority amount allegedly owed, and offered to pay the superpriority portion of the HOA lien. (*Id.* at 4.) The HOA refused to provide a ledger. (*Id.*) Nevertheless, BANA calculated the superpriority amount to be

///

---

[2]The Property is located at 375 Smithridge Park, Reno, NV 89502 within the HOA. (ECF No. 86 at 3.)

1    $1,476 and delivered that amount to the HOA on May 28, 2013. (*Id.*) The HOA refused BANA's tender. (*Id.*)

The HOA sold the Property to Thunder for $8,751 on August 8, 2013. (*Id.*)

PennyMac filed its Complaint on August 8, 2016, asserting the following claims: (1) quiet title/declaratory judgment against all Defendants; (2) breach of NRS § 116.1113 against the HOA and Defendant Kern & Associates, Ltd.[3] ("Kern"); (3) wrongful foreclosure against the HOA and Kern; and (4) injunctive relief against Thunder. (ECF No. 1 at 6-14.)

### III.    LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

///

---

[3] Kern conducted the foreclosure sale. (ECF No. 78 at 3-4.) Claims against Kern have been dismissed. (ECF No. 56.)

3

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

## IV. DISCUSSION

Thunder and the HOA make numerous arguments in their responses that the Court need not consider because BANA's tender preserved the DOT. Accordingly, the Court only addresses the parties' arguments about standing and tender.

### A. Standing

Thunder argues that PennyMac lacks prudential standing to contest the force and effect of the HOA Sale because PennyMac acquired its interest in the DOT after Thunder purchased the Property. (*See* ECF No. 86 at 8.) PennyMac responds that it has standing as the beneficiary and assignee of the DOT. (ECF No. 90 at 3.) The Court agrees with PennyMac. *See GMAT Legal Title Tr. v. Fitchner*, No. 3:15-cv-00044-HDM-WGC, 2015 WL 7312881, at *3 (D. Nev. Nov. 19, 2015) ("As the beneficiary and assignee of the deed of trust, plaintiff has standing to assert the rights held by any of its successors in interest, such as RBS Financial, the beneficiary of the deed of trust at the time of the foreclosure sale.").

///

///

**B. Tender**

PennyMac argues that it is entitled to summary judgment because BANA tendered the correct amount to satisfy the superpriority lien.[4] (ECF No. 78 at 2; ECF No. 95-1 at 3.) The Court agrees. Each of the arguments the HOA and Thunder raise in response were rejected by the Nevada Supreme Court in *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113 (Nev.), *as amended on denial of reh'g* (Nov. 13, 2018). Accordingly, the Court will grant summary judgment in favor of PennyMac.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that the following motions are granted: PennyMac's motion for summary judgment (ECF No. 78); Thunder's motion for leave to file excess pages (ECF No. 87); PennyMac's motion for leave to file excess pages (ECF No. 89); and PennyMac's motion for leave to file supplemental authorities (ECF No. 95).

It is further ordered that the Clerk of the Court enter judgment in favor of PennyMac on PennyMac's first claim for relief—quiet title/declaratory judgment against all Defendants.

It is further ordered that PennyMac file a status report within ten days indicating whether it intends to pursue its remaining claims.

DATED THIS 22nd day of January 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[4] PennyMac supplements its argument about tender in its motion for leave to file supplemental authorities. (ECF No. 78.) The Court finds good cause to grant this motion because it is helpful to the Court and unopposed.